James F. Sullivan (JS3099)
Law Offices of James F. Sullivan, P.C.
52 Duane Street, 7th Floor
New York, New York 10007
T:      (212) 374-0009
F:      (212) 374-9931
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOSE REYES,
*on behalf of himself and similarly situated individuals,*

CASE NO.

Plaintiff,                    **COMPLAINT**

-against-

LABRA TELECOM, INC., STERLING TELECOM, INC.,
PAUL CONTINO and VERONICA HONOR

Defendants,

---

Plaintiff, JOSE REYES, on behalf of himself and similarly situated individuals, by and through

his undersigned attorneys, Law Offices of James F. Sullivan, P.C., hereby files this Complaint

against Defendants, LABRA TELECOM, INC., STERLING TELECOM, INC., PAUL

CONTINO, and VERONICA HONOR, (collectively "the Defendants"), and states as follows:

**<u>INTRODUCTION</u>**

1. Plaintiff alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§

   201, et seq. ("FLSA"), Plaintiff and similarly situated individuals are entitled to recover from

   Defendants: (1) unpaid wages; (2) unpaid wages at the overtime wage rate; (3) liquidated

   damages; (4) prejudgment and post-judgment interest; and (5) attorney's fees and costs.

1

2.  Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), Plaintiff and similarly situated individuals are entitled to recover from the Defendants: (1) unpaid wages; (2) unpaid wages at the overtime wage rate; (3) statutory penalties; (4) liquidated damages; (5) prejudgment and post-judgment interest; and (6) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.  This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1332, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4.  Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5.  Plaintiff, JOSE REYES, is a resident of New York County, New York.

6.  Upon information and belief, Defendants, LABRA TELECOM INC., AND STERLING TELECOM, INC., are domestic business corporations and they are existing under the laws of the State of New York.

7.  Upon information and belief, Defendant, PAUL CONTINO, is an owner, officer, director and/or managing agent of LABRA TELECOM INC., and STERLING TELECOM, INC., who participated in the day-to-day operations of corporate Defendants, and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as NYLL§ 2 and the Regulations thereunder, and is jointly and severally liable with corporate Defendant.

8.  Upon information and belief, Defendant, VERONICA HONOR, is an owner, officer director and/or managing agent of LABRA TELECOM INC., and STERLING TELECOM, INC., and

who participated in the day-to-day operation of corporate Defendants, and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as NYLL§ 2 and the Regulations thereunder, and is jointly and severally liable with corporate Defendant.

9.  At all relevant times, corporate Defendants were, and continue to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

10. At all relevant times, the work performed by Plaintiff and similarly situated individuals was directly essential to the business operated by Defendants.

## STATEMENT OF FACTS

11. From on or about November 10, 2015 to on or about September 27, 2019, Plaintiff, JOSE REYES was employed by Defendants as a public pay phone technician to work at the locations assigned to LABRA TELECOM INC., and STERLING TELECOM, INC., throughout the course of his employment.

12. During his employment by Defendants, Plaintiff, JOSE REYES, worked seventy two (72) hours per week.

13. Plaintiff, JOSE REYES's, work week comprised of six (6) days, Monday through Saturday, 7:30 p.m. to 7:30 a.m.

14. Plaintiff, JOSE REYES, was paid a weekly rate of $1,100.00 and did not receive overtime pay for all hours worked over forty (40) in a work week.

15. Defendants did not utilize a time keeping device at the workplace to track hours worked by Plaintiff or similarly situated individuals.

16. Defendant, PAUL CONTINO, is an individual who, upon information and belief, owns the stock of corporate Defendant, owns corporate Defendant, and manages and makes all

business decisions, including but not limited to, the decisions of what salary the employees will receive and the number of hours the employees will work.

17. Defendant, PAUL CONTINO, exercised control over the terms and conditions of Plaintiff and similarly situated individuals' employment, in that PAUL CONTINO has and had the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control the work of employees, and (v) otherwise affect the quality of the employees' employment.

18. Defendant, VERONICA HONOR, is an individual who, upon information and belief, owns the stock of corporate Defendant, owns corporate Defendant, and manages and makes all business decisions, including but not limited to, the decisions of what salary the employees will receive and the number of hours the employees will work.

19. Defendant, VERONICA HONOR, exercised control over the terms and conditions of Plaintiff and similarly situated individuals' employment, in that VERONICA HONOR has and has the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control the work of employees, and (v) otherwise affect the quality of the employees' employment.

20. Plaintiff and similarly situated individuals were not properly compensated wages at the overtime wage rate for all hours worked over forty (40) in a work week.

21. Defendants' knowingly and willfully operated their business with a policy of not paying Plaintiff and similarly situated individuals' wages for the hours worked over forty (40) hours in a week at the overtime wage rate in violation of the FLSA and NYLL and the supporting Federal and New York State Department of Labor Regulations.

22. At all relevant times, upon information and belief, and during the course of Plaintiff's employment, the Defendants failed to maintain accurate and sufficient time records.

23. Defendants did not regularly provide Plaintiff and similarly situated individuals with a wage statement or summary, accurately accounting for their actual hours worked, and setting forth their hourly rate of pay and overtime wages.

24. Upon information and belief, this was done in order to disguise the actual number of hours the employees worked and to avoid paying them an overtime wage for all hours worked over forty (40) hours in a week.

25. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and the NYLL by failing to maintain accurate and complete timesheets and payroll records.

26. Plaintiff and similarly situated individuals have been substantially damaged by the Defendants' wrongful conduct.

## STATEMENT OF CLAIMS
### COUNT 1
### [Violation of the Fair Labor Standards Act]

27. Plaintiff and similarly situated individuals re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "26" of this Complaint as if fully set forth herein.

28. At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

29. At all relevant times, Defendants employed Plaintiff and similarly situated individuals within the meaning of the FLSA.

30. Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

31. Plaintiff and similarly situated individuals are entitled to be paid for all hours worked over forty (40) hours in week at the overtime wage rate as provided for in the FLSA.

32. Defendants failed to pay Plaintiff and similarly situated individuals' compensation in the lawful amount for all hours worked over forty (40) hours in a week as provided for in the FLSA.

33. At all relevant times, each of the Defendants had, and continue to have a policy and practice of refusing to pay Plaintiff and similarly situated individuals for all hours worked over forty (40) hours in a work week at the overtime wage rate which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 206(a)(1), 207(a)(l), and 215(a).

34. Defendants knowingly and willfully disregarded the provision of the FLSA, as evidenced by their failure to compensate Plaintiff and similarly situated individuals for all hours worked over forty (40) hours in a week at the overtime wage rate when they knew or should have known such was due at that non-payment of a minimum wage and overtime rate would financially injure Plaintiff and similarly situated individuals.

35. The Defendants have failed to make, keep, and preserve records with respect to each of its employees sufficient to determine the wages, hours, and other conditions and practices of employment sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, et seq., including 29 U.S.C. §§ 21l(c) and 215(a).

36. Records, if any, concerning the number of hours worked by Plaintiff and similarly situated individuals and the actual compensation paid to Plaintiff and similarly situated individuals

are in the possession and custody of the Defendants. Plaintiff and similarly situated individuals intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

37. Defendants failed to properly disclose or apprise Plaintiff and similarly situated individuals of their rights under the FLSA.

38. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and similarly situated individuals are entitled to liquidated damages pursuant to the FLSA.

39. Due to the intentional, willful and unlawful acts of the Defendants, Plaintiff and similarly situated individuals suffered damages in an amount not presently ascertainable of unpaid wages at the overtime wage rate and, an equal amount as liquidated damages, and prejudgment interest thereon.

40. Plaintiff and similarly situated individuals are entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT 2

### [Violation of the New York Labor Laws]

41. Plaintiff and similarly situated individuals re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "40" of this Complaint as if fully set forth herein.

42. The wage provisions of the NYLL apply to Defendants and protect the Plaintiff.

43. Defendants, pursuant to their policies and practices, refused and failed to pay the earned wage at the overtime wage rate to Plaintiff and similarly situated individuals for all hours worked over forty (40) hours in week.

44. By failing to compensate Plaintiff a wage for all hours worked over forty (40) hours in week at the overtime wage rate, Defendants violated Plaintiff and similarly situated individuals' statutory rights under the NYLL.

45. By failing to compensate Plaintiff his full wage rate for all hours worked, Defendants violated Plaintiff and similarly situated individuals' statutory rights under the NYLL.

46. By failing to compensate Plaintiff and similarly situated individuals on a weekly basis, Defendants violated Plaintiff and similarly situated individuals' statutory rights under the NYLL.

47. The forgoing conduct, as alleged, constitutes a willful violation of the NYLL without a good or reasonable basis.

48. Therefore, Defendants knowingly and willfully violated Plaintiff and similarly situated individuals' rights by failing to pay Plaintiff and similarly situated individuals compensation for all hours worked over forty (40) hours in week in a work week at the overtime wage rate.

49. Due to the Defendants' NYLL violations, Plaintiff is entitled to recover from Defendants unpaid wages at the overtime wage rate, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to NYLL § 663(1) et al. and§ 198. Plaintiff also seeks liquidated damages pursuant to NYLL § 663(1).

## COUNT 3

### [Failure to Provide a Wage Notice]

50. Plaintiff and similarly situated individuals re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "49" of this Complaint as if fully set forth herein.

51. The New York State Wage Theft Prevention Act and NYLL § 195(1) requires every employer to notify its employees, in writing, among other things, of the employee's rate of pay and regular pay day.

52. Defendants have willfully failed to supply Plaintiff and similarly situated individuals with a wage notice, as required by NYLL, § 195(1), within ten (10) days of the start of their employment.

53. Through their knowing or intentional failure to provide the Plaintiff and similarly situated individuals with the wage notice required by the NYLL, Defendants willfully violated NYLL Article 6, §§ 190 et. seq., and supporting New York State Department of Labor Regulations.

54. Due to Defendants' willful violations of NYLL, Article 6, § 195(1), Plaintiff and similarly situated individuals are entitled to statutory penalties of fifty ($50.00) dollars each day that Defendants failed to provide Plaintiff and similarly situated individuals with a wage notice and reasonable attorney's fees and costs as provided for by NYLL, Article 6 §198(1-b).

## COUNT 4

### [Failure to Provide Wage Statements]

55. Plaintiff and similarly situated individuals re-allege and re-aver each and every allegation and statement contained in paragraphs "1"through "54" of this Complaint as if fully set forth herein.

56. Defendants have willfully failed to supply Plaintiff and similarly situated individuals with an accurate wage statement, as required by NYLL, § 195(3).

57. Through their knowing or intentional failure to provide the Plaintiff and similarly situated individuals with a wage statement as required by the NYLL, Defendants willfully violated

NYLL Article 6, §§ 190 et. seq., and supporting New York State Department of Labor Regulations.

58. Due to Defendants' willful violations of NYLL, Article 6, § 195(3), Plaintiff and similarly situated individuals are entitled to statutory penalties of two hundred and fifty dollars ($250.00) dollars each day that Defendants failed to provide Plaintiff and similarly situated individuals with wage statement and reasonable attorney's fees and costs as provided for by NYLL, Article 6 §198(1-d).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and similarly situated individuals request that this Court grant the following relief:

(a)     An award of unpaid wages at the overtime wage rate due under the FLSA;

(b)     An award of liquidated damages as a result of Defendants' failure to pay wages at the overtime wage rate pursuant to 29 U.S.C. § 216;

(c)     An award of unpaid wages and unpaid wages at the overtime wage rate under the NYLL;

(d)     An award of liquidated damages and statutory penalties as a result of Defendants' failure to pay wages at the overtime wage rate, failure to pay wages at the regular rate, failure to pay wages on a weekly basis, failure to provide wage notices, and failure to provide wage statements pursuant to the NYLL;

(e)     An award of prejudgment and post-judgment interest;

(f)     An award of costs and expenses associated with this action, together with reasonable attorneys' fees; and,

(g)     Such other and further relief as this Court determines to be just and proper.

Dated: New York, New York
      October 28, 2019

                              Respectfully submitted


                              By:_____/s/_____
                                      James F. Sullivan (JS3099)
                                    Law Offices of James F. Sullivan, P.C.
                                    52 Duane Street, 7th Floor
                                    New York, New York 10007
                                    T:      (212) 374-0009
                                    F:      (212) 374-9931
                                    *Attorneys for Plaintiff*
                                    jsullivan@jfslaw.net